*1253 OPINION.
Trammell:
The question here for decision is whether the petitioner is entitled to have its tax determined as provided in section 328 of the Revenue Act of 1918.
*1254 The petitioner developed a machine as the result oí several years of experimentation and development work, which would cut molds of any design of tread with but minor changes of jigs. If proper methods of accounting had been followed, so that the cost of this experimentation and development work could be capitalized, it would have been included in invested capital under the provisions of section 326. The machine so developed was a material income-producing factor in the petitioner’s business. It was a capital asset of material value which due to the methods of accounting followed could not be included in invested capital. While the witnesses testified that some $50,000 to $75,000 was spent in developing this machine, it could not be determined with any degree- of accuracy what the amount was.
It also appears that the petitioner made additions to its plant, built machines and installed other machines which it had bought from outside sources and expended considerable sums in installing them and also in installing other equipment and machines, no part of which expenditures was capitalized, and on account of the methods of bookkeeping followed such expenditures could not be segregated from other expenditures with a sufficient degree of accuracy to permit any specific amount with respect thereto to be included in invested capital.
We think that on account of the above-mentioned facts and circumstances the invested capital of the petitioner can not be determined under the provisions of section 326 of the Revenue Act of 1918, and that the petitioner comes within the meaning of section 327 (a) of the Revenue Act of 1918, and is entitled to have its tax assessed under the provisions of section 328. Further proceedings will therefore be had under the provisions of Rule 62 (c) and the case will be restored to the calendar for further proceedings in due course.